**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DILON ANDREW DALTON HESS, Booking #25701006,<br><br>                                   Plaintiff,<br><br>             vs.<br><br>SAN DIEGO DISTRICT ATTORNEY, SUMMER STEPHAN, KATIA DAVILA, CHP OCEANSIDE, CHP SAN DIEGO, OCEANSIDE POLICE DEP'T, HOLLYWOOD, MOYER, MORRISON, HUTHMAKER, DALEY, NELSON, C. REARDON, S. REARDON, SMITH, HOLLINS, SHIELDS, HERB WESTON, RICHARD COLMAN,<br><br>                                   Defendants. | Case No.: 3:26-cv-1620-JES-LR<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2] AND**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

## I.    INTRODUCTION

Plaintiff Dilon Andrew Dalton Hess ("Hess" or "Plaintiff"), a detainee proceeding *pro se,* has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. Hess raises claims related to criminal proceedings in San Diego County Superior Court Case No. SCN455335. *See* ECF No. 1 at 3–6. For the reasons discussed below, the Court grants the IFP motion and dismisses the

1

complaint without prejudice for failure to state a claim against any Defendant.

## II. IFP MOTION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit an affidavit that includes a statement of all assets they possess," as well as a "certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2) (citation modified). Using this financial information, the court assesses an initial partial filing fee which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2).

In support of his IFP Motion, Hess has provided a signed copy of his prison certificate which reflects an average monthly balance of $50.00, average monthly deposits

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

of $50.00, and an available account balance of $0.27. ECF No. 2 at 4. Accordingly, the Court **GRANTS** Plaintiff's IFP motion. Because the initial partial filing fee would exceed the balance in Plaintiff's account, the Court assesses no initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that a prisoner should not be prohibited from bringing a civil action or appealing a civil action solely because he has no assets and no means to pay the initial partial filing fee). The facility where Plaintiff is detained must collect the full balance of the $350 fee owed and forward payments to the Clerk of the Court as provided by 28 U.S.C. § 1915(b)(2).

### III.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)

**A.    Standard of Review**

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

**B.    Plaintiff's Allegations**

In his Complaint, Hess alleges claims related to criminal proceedings taking place in San Diego County Superior Court Case No. SCN455335. Hess states that he was "illegally arrested" on May 6, 2024. ECF No. 1 at 3, 5. He claims law enforcement officers

involved in his case "intentionally hid evidence and created evidence illegally." *Id.* Specifically, Hess alleges that officers "submitted photoshopped pictures to connect him to the charged filed." *Id.* at 3. Plaintiff further alleges that the assistant district attorney prosecuting his case has "withheld evidence favorable to [his] defense." *Id.* at 5.

On February 18, 2026, the judge presiding over Hess's criminal proceedings ordered a competency evaluation, despite Hess expressing his wish to proceed to trial. *Id.* at 4. Hess also states that his appointed defense counsel has improperly waived his appearance to certain court proceedings "without his consent." *Id*. When Plaintiff sought to relieve his appointed counsel and represent himself, he was "deemed incompetent twice."[2] *Id.* Hess states that the prosecutor in his case "purposely had a doctor find [him] incompetent." *Id.*

**C.   Discussion**

In his Complaint, Hess names numerous Defendants as follows: San Diego District Attorney, Summer Stephan and Assistant District Attorney, Katia Davila; California Highway Patrol ("CHP") Oceanside, CHP San Diego, CHP Officers Hollywood and Meyer; Oceanside Police Department; San Diego Police ("SDPD") Officers Morrison, Huthmaker, Daley, Nelson, C. Reardon, S. Reardon, Smith, Hollins, and Shields; and Plaintiff's appointed defense attorneys, Weston and Colman. *Id.* at 2, 8–9. Hess sues all Defendants in the official capacities only. *Id.*

Hess raises claims pursuant to 42 U.S.C. § 1983 which requires he allege (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by "a person" acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In ground one, Hess alleges Davila called Officers Moyer, Shields and Daley as witnesses at some point during the criminal proceedings and they, in turn, provided "dishonest" testimony. ECF No. 1 at 3. In ground two, Hess alleges he has been

---

[2] It is not clear from the facts alleges whether Hess's reference to being "deemed incompetent" two times preceded (or includes) the trial court's February 18, 2026 order that Hess be "evaluated." *See* ECF No. 1 at 4.

denied "access to courts" because he has been deemed incompetent twice during the criminal proceedings. *Id.* at 4. Last, he alleges claims of false imprisonment and cruel and unusual punishment after he was "illegally arrested" by Defendant Moyer, with the involvement of Defendants Hollywood, Morrison, Huthmaker, Daley, Nelson, C. Reardon, S. Reardon, Smith, Hollins, and Shields. He further claims officers also hid evidence and "created evidence" illegally. *Id.* at 5. Hess seeks money damages and release from custody. *Id.* at 7.

### 1.    *Official Capacity*

As noted above, Hess names all Defendants in their official capacities only. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).

#### a.    District Attorney Defendants

First, Hess's official capacity claims against Stephan, District Attorney of San Diego County and Davila, a Deputy District Attorney, are treated as claims against state. *See Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1030–31 (9th Cir. 2000) (holding that under California law, a county district attorney acts as a state official when deciding whether to prosecute an individual). And the Eleventh Amendment bars a prisoner's § 1983 claims for money damages against state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) ("The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court."). Thus, Hess's claims for money damages against Stephan and Davila must be dismissed.

In addition, to the extent Hess seeks injunctive relief, the prosecutors are entitled to absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial,

and which occur in the course of his role as an advocate for the State."). Therefore, Hess has not stated a claim against Defendant San Diego District Attorney Stephan and Defendant Davila.

### b. CHP Officer Defendants

Plaintiff's official capacity claims against the Oceanside CHP, San Diego CHP and CHP Officers Hollywood and Meyer must also be dismissed. An official capacity suit against a CHP entity or officer is, in effect, a suit against the state. *See Will*, 491 U.S. at 71. Therefore, because the state of California has not waived its immunity, Plaintiff cannot proceed with his claims seeking money damages against CHP entities and CHP officers acting in their official capacities. *See O'Leary v. Cal. Highway Patrol*, 923 F.2d 862, 1991 WL 2545 (9th Cir. 1991) (unpublished) (stating "the State and the CHP enjoy sovereign immunity and cannot be sued under section 1983" and the Eleventh Amendment "bars [plaintiff's] claims against the CHP officers sued in their official capacities for monetary damages"); *Baker v. State of Cal. Highway Patrol*, No. 13-CV-00073-MEJ, 2013 WL 4427199, at *7 (N.D. Cal. Aug. 14, 2013), aff'd sub nom. *Baker v. California Highway Patrol*, 601 Fed. App'x. 556 (9th Cir. 2015) ("Actions against state officials in their official capacities are treated as suits against the State, and are therefore generally barred by the Eleventh Amendment . . .. This principle is applicable to lawsuits against CHP employees in their official capacities."). Therefore, Hess has not stated a claim against Defendants CHP Oceanside, CHP San Diego, or CHP Officers Hollywood and Meyer.

### c. Oceanside Police Department and SDPD Officers

Finally, Plaintiff is suing the Oceanside Police Department and SDPD Officers Morrison, Huthmaker, Daley, Nelson, C. Reardon, S. Reardon, Smith, Hollins and Shields in their official capacities, which is the same as suing the City of Oceanside and City of San Diego themselves. *See Monell*, 436 U.S. at 690 n.55. A local government entity may not be held vicariously liable under § 1983 simply based on allegedly unconstitutional acts of its employees. *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, a plaintiff asserting municipal liability must show the "local government had a deliberate policy,

custom, or practice that was the moving force behind the constitutional violation [they] suffered." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). Thus, to state a claim, Hess "must show that (1) []he was deprived of a constitutional right; (2) the [municipality] had a policy; (3) the policy amounted to a deliberate indifference to h[is] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001).

Here, Plaintiff has not identified or alleged a policy, practice or custom from the City of Oceanside or the City of San Diego that may have caused a deprivation of his rights, and he also fails to allege that any such practice was the moving force behind his alleged injury. Plaintiff has also failed to plead sufficient facts to support an allegation that there was a direct causal link between an Oceanside or San Diego policy or custom and any alleged constitutional violation. *See Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011) ("The Complaint lacked any factual allegations regarding key elements of the *Monell* claims, or, more specifically, any facts demonstrating that [plaintiff's] constitutional deprivation was the result of a custom or practice of the City of Covina or that the custom or practice was the 'moving force' behind his constitutional deprivation."). Therefore, Hess has failed to state an official-capacity claim against the Oceanside Police Department or SDPD Officers Morrison, Huthmaker, Daley, Nelson, C. Reardon, S. Reardon, Smith, Hollins and Shields.

> d.    Appointed Defense Counsel

Lastly, Hess cannot state an official-capacity claim against his court appointed defense attorneys, Weston and Colman. Appointed criminal defense counsel, including public defenders, are generally not state actors capable of being sued under 42 U.S.C. § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *see also Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (finding that a court-appointed attorney was not a state actor within

the meaning of § 1983 because "his function was to represent his client, not the interests of the state or county"); *Garnier v. Clarke*, 332 Fed. Appx. 416 (9th Cir. 2009) (affirming district court's *sua sponte* dismissal of prisoner's § 1983 claims against appointed counsel). As such, Hess fails to state a claim against Defendants Weston and Colman.

### 2. *Individual Capacity*

Even assuming Plaintiff had named Defendants in their individual capacities, as pleaded he has not stated a claim against any individual Defendant for the reasons discussed below.

#### a. District Attorney Defendants

As discussed above, to the extent Plaintiff seeks to raise claims against District Attorney Stephan and Deputy District Attorney Davila for malicious prosecution, use of perjured testimony and suppression of evidence, Stephan[3] and Davila are absolutely immune from liability in their roles as advocates for the government in judicial proceedings. Prosecutors are immune from liability for all "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (concluding prosecutorial immunity protects eligible government officials who perform functions "intimately associated with the judicial phase of the criminal process"); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005) (noting absolute immunity applies even if it "leave[s] the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty"). "This immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious

---

[3] In addition, Plaintiff does not describe any specific action by District Attorney Stephan. To the extent Plaintiff asserts claims against District Attorney Stephan they appear to be based solely on her role as the District Attorney of San Diego County. Supervisory personnel such as District Attorney Stephan are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

prosecution." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001). Therefore, because Defendants Stephan and Davila are entitled to immunity, as currently pleaded Hess cannot state an individual-capacity claim against them.

### b.    Appointed Defense Counsel

Hess cannot state an individual-capacity § 1983 claim against his court-appointed defense attorneys, Weston and Colman. As discussed above, appointed counsel acting in their roles as advocates are not state actors who can be sued under § 1983. *Georgia v. McCollum*, 505 U.S. 42, 53 (1992).

### c.    Individual CHP and SDPD Officers

In addition, Plaintiff has not stated an individual capacity claim against any CHP or SDPD Defendant for "illegal arrest" or for "creating evidence." *See* ECF No. 1 at 5. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir.2012) (quoting *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001). In addition, to state a § 1983 claim, Hess must allege facts to establish a causal link between the Defendants' conduct and an alleged unlawful arrest. Without causation, there is no deprivation of a plaintiff's constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976). Here, Hess provides only the conclusory allegation that he was "illegally arrested" and as such, has not plausibly alleged he was arrested without probable cause. *See* ECF No. 1 at 5.

As to Plaintiff's allegation regarding fabrication of evidence, there is a "clearly established due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001). To prevail on a section 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty. *Spencer v. Krause*, 857 F.3d 789, 798 (9th Cir. 2017). Here, Hess has failed to allege any specific facts as to any individual law enforcement defendant sufficient to support an

individual capacity claim based on fabrication of evidence. *See id*; *see also Rizzo*, 423 U.S. at 370–71. Therefore, he has not stated an individual capacity claim against law enforcement Defendants Hollywood, Meyer, Morrison, Huthmaker, Daley, Nelson, C. Reardon, S. Reardon, Smith, Hollins and Shields.

### 3.    *Abstention*

Finally, it appears Hess's state criminal proceedings are ongoing.[4] If this is the case, this civil action is barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, (1971). Under *Younger*, unless extraordinary circumstances are present, federal courts must abstain from hearing suits where: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). *Younger* abstention applies to actions for damages as well as declaratory and injunctive relief. *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004).

Here, all the above elements appear to be met. First, it appears state criminal proceedings were pending when Hess filed this case.[5] *See Beltran v. State of California*,

---

[4] The Court takes judicial notice of the fact that Hess has been charged with numerous felonies and misdemeanors in San Diego County Case No. SCN455335, including carjacking, hit and run, recklessly evading police officers, and possession of stolen property. Information available on the San Diego County Sheriff's Department website indicates proceedings in Hess's criminal case are ongoing. And while the precise stage of the proceedings is unclear, Hess has not been sentenced and the next hearing in Case No. SCN455335 is scheduled for June 9, 2026. *See* San Diego County Sheriff's Office, Who's In Jail, https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=Gd67iBOzmOf3fUZG2qY3iBQaqnVUov85Q2 3WZaQl%2fXo%3d#! (visited June 8, 2026). Based on the allegations in the complaint, it appears criminal proceedings were paused on February 18, 2026, when the trial judge "ordered an evaluation" of Plaintiff's competency. *See* ECF No. 1 at 4. It is not clear whether proceedings have since resumed.

[5] If plaintiff's state criminal proceedings are concluded, his claims are likely barred under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), which holds that to recover damages based on an unconstitutional conviction, a section 1983 plaintiff must show that conviction was reversed, expunged, or otherwise had its validity called into question. *Id*.

10

871 F.2d 777, 782 (9th Cir. 1988) (for purposes of *Younger* abstention analysis, the pendency of state proceedings is determined "at the time the federal action was filed"). Hess alleges he has been "deemed incompetent twice" during these proceedings and states that on February 18, 2026, the trial court ordered him evaluated. ECF No. 1 at 4. Second, the State of California's interest in prosecuting individuals charged with violating its laws is an important state interest. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." (internal citations omitted)). Third, Hess has the opportunity to raise challenges to his arrest, speedy trial rights, competency proceedings, and the effectiveness of his trial lawyers in state court proceedings. *See Duke v. Gastelo*, 64 F.4th 1088, 1096 (9th Cir. 2023).

Thus, to the extent criminal proceedings are ongoing in state court, Hess's claims are barred under *Younger*. Where *Younger* applies, the district court must dismiss the federal action. *Beltran*, 871 F.2d at 782.

**D.     Leave to Amend**

Given Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend his complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### IV.     CONCLUSION AND ORDER

Accordingly, the Court:

1.       **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2.       **ORDERS** the Facility Commander of the San Diego County Central Jail, or his designee, to garnish from Plaintiff's trust account the full $350 filing fee owed for this

case, and to forward in monthly payments an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in his account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Facility Commander, San Diego Central Jail, 1173 Front Street, San Diego, California 92101.

4.     **DISMISSES** the Complaint in its entirety for failure to state a claim against any Defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

5.     **GRANTS** Plaintiff **sixty (60)** days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: June 23, 2026

Honorable James E. Simmons Jr.
United States District Judge

12